UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JOSEPH DANIEL HALL & MAGO CONSTRUCTION COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:16-cv-84-GFVT |
| and | ) ) | |
| KENTUCKY ASSOCIATES GENERAL CONTRACTOR'S SELF-INSURER'S FUND, | ) ) ) ) | |
| Intervening Plaintiff, | ) ) ) | **OPINION & ORDER** |
| V. | ) ) | |
| CHARLES S. TAYLOR, et al., | ) ) | |
| Defendants. | ) ) | |

*** *** *** ***

28 U.S.C. § 1446(b)(3) explains what to do when a state court action that was not initially removable somehow becomes removable later on in the lawsuit. Specifically, the statute allows for an action to be removed within thirty days after the defendants to the suit receive "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In this case, the parties challenge the meaning of the phrase "other paper." Defendants obtained knowledge that all actual parties to the lawsuit were completely diverse through a post-complaint letter but believed that letter did not trigger § 1446(b)(3). Once a more official notice was filed in the record, they removed to this Court. Plaintiffs now contend the thirty-day

deadline to remove the case runs from the date of the post-complaint letter, and they argue Defendants' notice of removal is untimely.  For the reasons that follow, the Court finds in favor of Plaintiffs and GRANTS their motion to remand.

# I

## A

This personal injury action was initially filed in Kentucky state court.  Mr. Hall was operating an asphalt paving machine on the side of a highway in Anderson County when Defendant Charles Taylor, who was driving an interstate tractor-trailer, crashed into him.  Hall and the owner of the asphalt paving machine, the Mago Construction Company, filed a lawsuit against Charles Taylor and Kirk Nationalease, the owner of the tractor-trailer.  [R. 1-3.]  The Plaintiffs later amended their complaint to include AK Industries, Inc., as a defendant.  By information and belief, the tractor-trailer involved in the collision was owned by Kirk Nationalease but leased by AK Industries.  [R. 1-4.]

Turns out, there are two AK Industries, Inc.  One has an office in Lexington, Kentucky, and the other is an unrelated Indiana corporation.  [*Compare id.* with R. 1-5; *see also* R. 1-1.]  Plaintiffs meant to sue only the Indiana AK Industries, but both corporations were accidently served with the complaint.[1]  [*See* R. 1-1.]  The Indiana AK Industries obtained the same counsel as Defendant Charles Taylor and, along with Mr. Taylor, filed an answer to the complaint.  [R. 1-10.]  But before anyone could get in touch with the Kentucky AK Industries to explain the mistake, the Kentucky corporation also filed an answer.  [R. 1-11; *see also* R. 1-1 at 3.]

---

[1] Although not entirely clear from the state court record, it appears the Plaintiffs filed a first amended complaint naming the Kentucky AK Industries [R. 1-4 at 1], almost immediately contacted the Anderson Circuit Court Clerk's Office to explain their error [*see* R. 1-1 at 3], and then filed a second amended complaint substituting the Indiana AK Industries for the Kentucky party.  [R. 1-5.]  Although the Clerk's Office had agreed to issue only the summons for the Indiana AK Industries, both summonses ultimately issued.  [R. 1-1 at 3.]

Subsequently, Plaintiffs' counsel sought to clarify the matter by reaching out to the two AK Industries' attorneys.  In a letter dated July 28, 2016, attorney Michelle Buckley Sparks informed the Kentucky AK Industries lawyer Jeffrey A. Taylor that his corporation was served in error.  [*See* R. 1-1 at 3-4.]  The letter indicated Plaintiffs' counsel had spoken with the Indiana AK Industries lawyer Jillian House and that Ms. House agreed there was no need for Jeffrey Taylor or the Kentucky AK Industries to participate in the lawsuit.  [*Id.* at 3.]  A copy of the letter was also sent to Ms. House.  [*Id.* at 4.]  Nothing was filed in the Anderson Circuit Court record explaining the mishap at that time.  However, going forward, the Indiana AK Industries participated in discovery, but the Kentucky AK Industries did not.[2]  [*Id.* at 1.]

On October 11, 2016, Plaintiffs' counsel filed a notice of clarification, formally explaining the AK Industries mix-up but noting the Indiana corporation had answered the complaint, propounded discovery, and responded to discovery requests as it should.  [R. 1-1 at 1.]  The July 28 letter to Jeffrey Taylor was filed along with the notice.  [*Id.* at 3-4.]  Ten days later, Defendants removed the case to federal court on the basis of diversity jurisdiction.  [R. 1.]

The question before the Court is in great part one of timing.  Defendants maintain the case could not be removed until the notice of clarification was filed in the record, because complete diversity of parties could not be established without that "official filing."  [R. 13 at 3.]  But Plaintiffs insist the July 28 letter, which all parties received, was sufficient to prove complete diversity.  Plaintiffs' theory renders the notice of removal untimely and requires remand.

**B**

---

[2] At some point, Kentucky Associated General Contractors Self Insurers' Fund was allowed to intervene as a plaintiff to the action.  [*See* R. 7.]  The Fund has not participated in the briefing of the issue presently before the Court, and its presence does not affect the Court's analysis in this opinion.

3

In general, a defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446.  This Court has original diversity jurisdiction over all civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states."  *See* 28 U.S.C. § 1332(a)(1).

In order for diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation."  *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).  When removal is based on diversity of the parties, the removing defendant has the burden to prove the diversity requirements are satisfied by a preponderance of the evidence.  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006).  If a case is not removable based on its initial pleadings but later becomes removable, 28 U.S.C. § 1446(b)(3) requires the notice of removal to be filed within thirty days after the defendant receives "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Ultimately, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## II

Whether remand is appropriate depends on when Defendants can be said to have received "though service or otherwise, a copy of an amended pleading, motion, order or other paper" from which it could be first ascertained that the case was removable.  *See* 28 U.S.C. § 1446(b)(3). Defendants maintain the case did not become removable until October 11, 2016, when Plaintiffs'

4

counsel filed the notice of clarification about the mistakenly served Kentucky AK Industries in the record. But Plaintiffs contend the post-complaint letter sent by their attorney to defense counsel and the Kentucky AK Industries attorney sufficiently proved the existence of complete diversity.

The Sixth Circuit has not addressed whether post-complaint letters constitute "other paper" for purposes of removal, but other appellate case law as well as district court decisions within the Sixth Circuit strongly support Plaintiffs' position. For example, the Fifth Circuit has determined a post-complaint letter regarding settlement terms satisfies § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000). A variety of district courts have held post-complaint letters are "other paper" that trigger the removal deadline. *See, e.g.*, *Nagarajan v. Ostruskza*, 2012 WL 5077691 (W.D. Ky. Oct. 18, 2012); *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008); *Rodgers v. Northwestern Mut. Life Ins. Co.*, 952 F. Supp. 325, 327 (W.D. Va. 1997); *Broderick v. Dellasandro*, 859 F. Supp. 176 (E.D. Pa. 1994). And a leading treatise notes that "correspondence between the parties and their attorneys or between the attorneys" is usually accepted as "other paper" under § 1446. *See* 14C CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. § 3731 (4th ed.) (collecting cases).

As one Pennsylvania district court explained, § 1446(b)'s writing requirement is useful because it creates a paper trail, thereby reducing disputes among opposing counsel and parties about their knowledge of diversity or the amount in controversy. *Broderick*, 859 F. Supp. at 178. But even though § 1446 requires notice of removability to be in writing, "the statute does not require 'service' of that notice in some formal, legal sense. Notification may be 'through service *or otherwise*.' Thus, while Congress insisted that the notice of facts permitting removal must be in an 'amended pleading, motion, order or other paper,' the method of delivery or receipt of the

writing was not circumscribed." *Id.* (quoting 28 U.S.C. § 1446(b)) (emphasis in original).

This idea is consistent with a question the Sixth Circuit *has* ruled on: whether a deposition constitutes "other paper" under § 1446. In *Peters v. Lincoln Electric Co.*, the Sixth Circuit joined the majority of other courts to hold that a plaintiff's responses to deposition questions may constitute "other paper" under § 1446(b). *See* 285 F.3d 456, 466. According to the appellate court, "[t]he intent of § 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." *Id.* (internal quotation marks and citations omitted). The Court went on to note that deposition responses "unquestionably" serve that purpose. *Id.*

Notably, the *Peters* court quoted the Fifth Circuit's *Addo* decision to support its rationale. *Id.* As noted above, the Fifth Circuit through *Addo* held that post-complaint letters could satisfy the terms of § 1446(b). *See* 230 F.3d at 761-62. The *Peters* court appears to have mistakenly believed the *Addo* court specifically addressed deposition testimony rather than post-complaint letters. *Compare* 285 F.3d at 466 *with* 230 F.3d at 762.[3] Nevertheless, the Sixth Circuit's

---

[3] In *Peters*, the Sixth Circuit quotes the Fifth Circuit *Addo* court as follows:

> Holding that a plaintiff's deposition testimony may be an "other paper" under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff is alleging a federal claim. Further, this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal.

285 F.3d at 466. In fact, the *Addo* text reads:

> Holding that *a post-complaint letter, which is not plainly a sham*, may be "other paper" under 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant *first learns that the plaintiff's demand exceeds the federal jurisdictional limit*. Further, this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal.

230 F.3d at 762 (emphasis added).

favorable treatment of the *Addo* court's reasoning and its general willingness to allow deposition answers to constitute "other paper" suggest the post-complaint letter at issue in this case satisfies the § 1446(b) standard.  While Defendants' instinct may have been to wait for, in their words, an "official filing" [*see* R. 13 at 3], the Federal Civil Rules of Procedure and relevant case law are simply less formulaic.[4]

In light of the weight of the case law, the Court determines the July 28, 2016, letter from Plaintiffs' counsel to the Kentucky AK Industries lawyer, which was copied to the current Defendants, sufficiently established proof of complete diversity of citizenship.  The Plaintiffs' August 8, 2016, answers to interrogatories, then, established damages in excess of $75,000.  [*See* R. 10-4 at 4.]  Under 28 U.S.C. § 1446(b)(3), Defendants' notice of removal was due within thirty days from August 8.  Unfortunately for Defendants, they did not remove the action until October 21, 2016, and the case must be remanded.  *See Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997) (noting the time provisions of § 1446(b) must be strictly construed and that remand is appropriate where a defendant fails to file a notice of removal within the prescribed time period).

### III

For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiffs' motion to remand [R. 10] is **GRANTED**.  This action shall be **REMANDED** to Anderson Circuit Court and is **STRICKEN** from the Court's active docket.

---

[4] Notably, once Plaintiffs filed their Second Amended Complaint [*see* R. 1-5], the Kentucky AK Industries, Inc., was dropped as a party to the action.  The Anderson Circuit Court docket sheet indicates the Second Amended Complaint may have been filed on May 27, 2016.  [*See* R. 13-1; *see also* R. 1-1 at 3-4 (suggesting the Second Amended Complaint was filed the same day as the First Amended Complaint).]  Neither side raises the argument, but if this is the case, it is entirely possible that the Second Amended Complaint triggered the thirty-day removal period under § 1446(b)(3).  Under this theory, remand would also be warranted.

This the 6th day of January, 2017.

Gregory F. Van Tatenhove
United States District Judge